**Michael Levine, Esq.**
**LEVINE & ASSOCIATES, P.C.**
15 Barclay Road
Scarsdale, New York 10583
Telephone: (914) 600-4288
Email: ml@Levlaw.org
*Litigation Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
YESHIVA CHOFETZ CHAIM INC. and 82     : Docket No. 22-6579
HIGHVIEW LLC,

                                           :

                   Plaintiffs,

                                        : **NOTICE OF REMOVAL**

         - against -

                                           :

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,                                :
                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>NOTICE OF REMOVAL</u>

        Pursuant to 28 U.S.C. §§ 157, 1334, 1441, 1446 and 1452 and Rule 9027 of the Federal

Rules of Bankruptcy Procedure, Defendants 82 Highview LLC, Shem Olam LLC and Rabbi Aryeh

Zaks, by and through their attorneys, **Sarajian & Baum, PLLC** hereby give notice of the removal

to the United States District Court for the Southern District of New York, for referral to the United

States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") of all

claims and causes of action asserted in an action pending in the Supreme Court of the State of New

York, County of Rockland, under Index No. 036879/2021, entitled *Yeshiva Chofetz Chaim Inc. and*

*82 Highview LLC, Plaintiffs, against 82 Highview LLC, Shem Olam LLC and Aryeh Zaks,*

*Defendants*.

        In support of its Notice of Removal, Defendants respectfully set forth as follows:

## SYNOPSIS

### I.     The Property Acquisition

Purported Plaintiff Yeshiva Chofetz Chaim Inc. ("YCC") is a religious entity of which

Defendant Rabbi Aryeh Zaks is the President and Rabbi.  YCC formerly owned the real property

located at 82 Highview Avenue in Suffern, New York (the "Property").  In 2007, the mortgagee on

the Property, TD Bank, N.A. ("TD Bank"), commenced an action against YCC seeking to foreclose

TD Bank's mortgage on the Property, which was then in default.  In that foreclosure action, TD

Bank was eventually awarded a Judgment of foreclosure and a foreclosure sale took place on

August 20, 2013, whereby TD Bank purchased the Property.

On September 18, 2017, TD Bank sold the Property to Del Realty, LLC for $1,400,000.00.

On December 28, 2018, Del Realty LLC transferred the Property to Defendant 82 Highview ("82

Highview").

At the time of the formation of 82 Highview, Defendant Rabbi Aryeh Zaks was the sole

founding member/manager of that entity.  In 82 Highview's operating agreement, Rabbi Aryeh

Zaks designated YCC as the sole member of 82 Highview "for the first thirty months of the LLC."

That meant that YCC was the sole member of 82 Highview LLC from October 16, 2018 through

April 16, 2021. 82 Highview's operating agreement further provided that:

> Automatically upon the completion of said thirty-month term, all rights title (sic)
> and membership interests in the LLC shall belong to the Forming Member Manger
> or if so designated by the Forming member manager, to anyone else he so
> designates …
>
> Upon the completion of the Thirty-month period above the percentage interest in
> the LLC that each member shall have is as follows:
>
> NAME & ADDRESS CONTRIBUTION      % INTEREST IN LLC
>
> (1) Rabbi Aryeh Zaks NA                    100%

2

On June 29, 2021 – more than two month after he became the sole member and manager of 82 Highview LLC – Rabbi Aryeh Zaks caused the Property to be transferred from 82 Highview to Defendant Shem Olam LLC ("Shem Olam" or "Debtor").

## II.     The Commencement of the State Court Action

Six months later, on December 23, 2021, Rabbi Mayer Zaks, purportedly representing Plaintiffs YCC and 82 Highview, commenced an action in the Supreme Court of the State of New York, Rockland Country, under Index No. 036879/2021 (the "State Court Action").  A copy of the verified complaint in the State Court Action is annexed hereto and labeled Exhibit "1" (the "Complaint").

The Complaint alleged, *inter alia*, that the conveyance of the Property from 82 Highview to Defendant Shem Olam was a "fraudulent conveyance" and sought (i) a declaration that 82 Highview was the owner of the Property notwithstanding the sale, and (ii) an order setting aside the deed from 82 Highview to Defendant Shem Olam.

## III.     Shem Olam's Bankruptcy Filing

On July 27, 2022, Defendant Shem Olam filed a voluntary petition seeking bankruptcy protection under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). The Debtor's bankruptcy case is pending before the Honorable Sean H. Lane, United States Bankruptcy Judge, under Case No. 22-22493.  Notice of the Bankruptcy Filing was filed in the State Court Action on the same date.

The claims in the State Court Action attack Shem Olam's sole asset, the Property.  If successful, the claims would divest Shem Olam of its only asset and render it incapable of paying its creditors.

## BASIS FOR REMOVAL

1. The State Court Action is a civil action other than a proceeding before the United States Tax Court; and is not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. As such, the claims in the State Court Action are removable to the District Court pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Bankruptcy Rules.

2. The District Court has jurisdiction over the claims in the State Court Action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) because they seek to affect property of the Debtor's bankruptcy estate and are related to a Chapter 11 bankruptcy case pending in the Bankruptcy Court, captioned *In re Shem Olam LLC*, Case No. 22-22493.

3. The claims and causes of action in the State Court Action represent a direct attack on the sole asset of the Debtor Shem Olam, and the resolution of the State Court Action necessarily impacts the Chapter 11 case of the Debtor Shem Olam. Resolution of the claims asserted in the State Court Action will significantly affect the administration of the estate, and other core proceedings, including, but not limited to, an order to turn over property of the estate, determinations as to the validity, extent and priority of certain liens against the Debtor's property, and confirmation of the Debtor's plan. All such proceedings are core proceedings under 28 U.S.C. §157 (b)(2)(A), (E), (K) and (L).

4. Removal is timely here because § 1446(b)(2) provides that notice of removal of a civil action or proceeding shall be filed within "90 days after the order for relief in the case under the Code." Thus, the instant removal petition, being filed within a week of the bankruptcy filing, is timely.

5. The claims and causes of action in the State Court Action can be heard and determined in the Bankruptcy Court on reference from the District Court pursuant to 28 U.S.C. § 157(a) and

4

the January 31, 2012 Amended Standing Order of Reference issued by the District Court for the

Southern District of New York (Preska, Chief Judge) because the State Court Action arises in and/or

is related to Shem Olam's Chapter 11 case and the Bankruptcy Court derives its jurisdiction from

the District Court.

6.  Removal of the claims in the State Court Action and referral to the Bankruptcy Court

best facilitates the efficiency and timely administering the affairs and assets through the Chapter 11

case.

7.  Upon removal, the claims asserted in the State Court Action are core proceedings within

the meaning of 28 U.S.C. § 157(b)(2) because they concern the administration of the Debtor's

Chapter 11 case, including but not limited to, the disposition of the Debtor's sole asset.

8.  In the event that any of the claims in the State Court Action are determined to be non-

core, the removing Defendants in the State Court Action consent to the entry of a final order or

judgment by the Bankruptcy Court.

9.  Pursuant to the requirements of Rule 9027, a copy of the Summons and Complaint filed

in the State Court Action is attached hereto as Exhibit "1" and a copy of the State Court docket is

annexed hereto and labeled Exhibit "2".  If additional documents relating to the State Court Action

are required, the Debtor will submit such documents upon request.

10.  In accordance with Rule 9027, Defendants will serve a file copy of this Notice of

Removal on all parties to the State Court Action, as well as the Clerk of the Supreme Court of the

State of New York, Rockland County and the Clerk of the Bankruptcy Court.

**NOW THEREFORE**, the parties to the State Court Action are **HEREBY NOTIFIED**

pursuant to Rule 9027(c), that:

A.      Removal of all claims and causes of action in the State Court Action was effected

upon the filing of a copy of this Notice of Removal with the Clerk of the Supreme Court of the

State of New York, Rockland County.

B.      The claims and causes of action in the State Court Action are removed from the

Supreme Court of the State of New York, Rockland County, to the United States District Court for

the Southern District of New York and, pursuant to 28 U.S.C. § 1452(a) and the Amended Standing

Order of Reference, are referred to the United States Bankruptcy Court for the Southern District of

New York for hearing and determination in connection with the Debtor's pending Chapter 11 case,

captioned *In re Shem Olam LLC*, Case No. 22-22493.

C.      The parties to the State Court Action shall proceed no further in the Supreme Court

of the State of New York, Rockland County, unless and until the State Court Action is remanded.

Dated: August 2, 2022

                                        LEVINE & ASSOCIATES, P.C.

                                        By:  s/*Michael Levine*
                                             Michael Levine
                                        15 Barclay Road
                                        Scarsdale, New York 10583-2707
                                        Telephone (914) 600-4288
                                        Fax (914) 725-4778
                                        e-mail: ml@LevLaw.org

# EXHIBIT 1

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 12/23/2021

22-07033ase 7:22cv-06570 08/08/22 entered 08/08/08/05/22:58 agMainL9ocument
Pg 8 of 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------------x
YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC,

Index No.

                                Plaintiffs,

**SUMMONS**

          -against-

Plaintiffs designate
Rockland County as the
place of trial. Venue is
based on location of
subject property

82 HIGHVIEW LLC, SHEM OLAM LLC, and
ARYEH ZAKS,

                                Defendants.
-----------------------------------------------------------------------------x

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' attorneys an answer to the Complaint in this action within 20 days of service of this Summons, exclusive of the day of service, or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Nanuet, New York
        December 23 , 2021

                                   SAVAD CHURGIN
                               *Attorneys for Plaintiffs*

              By: _____
                      JOSEPH A. CHURGIN, ESQ.
                      55 Old Turnpike Road, Ste. 209
                      Nanuet, New York 10954
                      Phone: 845-624-3820
                      Fax: 845-624-3821
                      Email: mail@savadchurgin.com

Defendants' Names and Addresses

82 HIGHVIEW LLC
82 Highview Road
Suffern, New York 10901

1

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
INDEX NO. 036879/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 12/23/2021

SHEM OLAM LLC
18 Mountain Avenue
Monsey, New York 10952


ARYEH ZAKS
18 Mountain Avenue
Monsey, New York 10952

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------------------X
YESHIVA CHOFETZ CHAIM INC. and
82 HIGHVIEW LLC                                        Index No.

                        Plaintiffs,

                                                       **VERIFIED COMPLAINT**

        – against –

82 HIGHVIEW LLC, SHEM OLAM LLC,
and ARYEH ZAKS

                        Defendants.

-------------------------------------------------------------------------------X


        Plaintiffs, YESHIVA CHOFETZ CHAIM INC. and 82 HIGHVIEW LLC, as and for their

complaint against defendants 82 HIGHVIEW LLC, SHEM OLAM LLC, and ARYEH ZAKS,

alleges as follows:

        1.      Plaintiff, YESHIVA CHOFETZ CHAIM INC. ("YCC") was and still is a

religious corporation duly organized under and existing by virtue of the laws of the State

of New York, with offices in the Town of Ramapo, County of Rockland, State of New

York.

        2.      82 HIGHVIEW LLC ("82 Highview") is a domestic limited liability company

with its principal office in the County of Rockland, State of New York.

        3.      YCC is the sole member of defendant 82 Highview.

        4.      Upon information and belief, defendant SHEM OLAM LLC ("Shem Olam") is a

domestic limited liability company with its principal office in the County of Rockland, State

of New York.

1

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
NYSCEF DOC. NO. 1

INDEX NO. 036879/2021
RECEIVED NYSCEF: 12/23/2021

22-07033 Case 7:22-cv-06573 Document 1 entered 08/03/22 05:22:58 Main Document

Pg 11 of 20

5.      Upon information and belief, defendant ARYEH ZAKS ("Aryeh") resides in the County of Rockland, State of New York.

6.      This lawsuit was duly authorized by the Board of Trustees of YCC.

7.      YCC seeks a judgment demanding relief affecting title to real property known as 82 Highview Road, Suffern, New York (SBL 49.17-2-42) and 105 Carlton Road, Suffern, New York (SBL 49.17-2-47) (the "Properties"), to undo the unauthorized filing of a deed from 82 Highview LLC to Shem Olam based upon the following.

FACTS

8.      In 2018, the Properties were appraised in an "as is" condition at $12,300,000, and if approved for Adult Student Housing, at $26,000,000.

9.      Prior to June 30, 2021, 82 Highview held title to the Properties.

10.     On or about June 30, 2021, 82 Highview, without the consent of its sole member YCC (by its members and its Board of Trustees), and without the authorization of the New York State Attorney's General's Office and the New York State Supreme Court, transferred title to the Properties to Shem Olam.   The deed was recorded in the Office of the Rockland County Clerk on June 30, 2021 as Instrument No. 2021-27314. A copy of the recorded deed is annexed as **Exhibit "A".**

11.     The deed was signed by Aryeh Zaks as purported Manager of 82 Highview. The RP-5217 state tax form shows the Buyer's contact information is for also Aryeh Zaks, on behalf of Shem Olam.

12.     Attached as **Exhibit "B"** is a copy of the NYS Articles of Organization for Shem Olam, which were filed by Aryeh Zaks on or about July 29, 2019.

2

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
NYSCEF DOC. NO. 1
INDEX NO. 036879/2021
RECEIVED NYSCEF: 12/23/2021

13.    Aryeh Zaks is the organizer of Shem Olam.

14.    Acting on behalf of 82 Highview and Shem Olam, Aryeh Zaks unlawfully transferred title to the Properties from 82 Highview to Shem Olam so that he would have complete control of the Properties.

15.    The Trustees of YCC did not authorize it to cause 82 Highview to transfer title of the Properties.

16.    The Members of YCC did not authorize it to cause 82 Highview to transfer title of the Properties.

17.    Aryeh Zaks did not have the authority to cause 82 Highview to transfer title of the Properties.

18.    In order to lawfully transfer title of the Properties from 82 Highview to Shem Olam, the approval from the New York State Supreme Court and/or the Office of the New York State Attorney General was necessary.   No such authorization was obtained.

19.    The defendants were not authorized to transfer title of YCC's real property.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Declaratory Judgment RPAPL Article 15)

20.    Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs 1 through 19 as if fully set forth herein.

21.    Plaintiffs are entitled to Declaratory Judgment declaring that 82 Highview is the owner of the Properties.

3

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
NYSCEF DOC. NO. 1
INDEX NO. 036879/2021
RECEIVED NYSCEF: 12/23/2021

Case 7:22-cv-06519 Document 1 Filed 08/03/22 Page 7 of 9
Pg 13 of 20

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (<u>Fraudulent Transfer of Real Property</u>)

22.    Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" through "21" as if fully set forth herein.

23.    The deed from 82 Highview to Shem Olam, signed by Aryeh Zaks as Manager of 82 Highview, was for no consideration. The recording page shows no moneys paid in transfer tax, and the recorded RP-5217 state tax form shows a purchase price of $10.00.

24.    82 Highview, Shem Olam and Aryeh Zaks all caused the fraudulent transfer of title for no or insufficient consideration.

25.    The combined total assessed value of the Properties is $476,600.

26.    The defendants stole the Properties from YCC and its Members.

WHEREFORE, plaintiffs demand judgment on the First and Second Causes of Action as follows:

A.    Setting aside and declaring null and void the deed transferring title from defendant 82 Highview LLC to defendant Shem Olam LLC for the properties known as 82 Highview Road, Suffern, New York (SBL 49.17-2-42) and 105 Carlton Road, Suffern, New York (SBL 49.17-2-47), which deed was

Case 7:22-cv-06570 Document 1 Filed 08/08/22 Page 14 of 20

Pg 14 of 20

recorded in the Office of the Rockland County Clerk on June 30, 2021 as Instrument No. 2021-27314.

B. Directing the Rockland County Clerk to cancel the subject deed of record.

C. Such further relief as the Court deems just and proper, together with costs and disbursements.

Dated: Nanuet, New York
        December 23, 2021

_____
JOSEPH A. CHURGIN, ESQ.
Savad Churgin
Attorneys for Plaintiffs
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954
(845) 624-3820

5

FILED: ROCKLAND COUNTY CLERK 12/23/2021 01:47 PM
NYSCEF DOC. NO. 1

# VERIFICATION

STATE OF NEW YORK )
                                  )
COUNTY OF ROCKLAND )

_Rabbi Mayer Zaks_____, duly affirms and says: I am an officer of the Plaintiff in the action herein; I have read the annexed Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. I affirm pursuant to my religious beliefs.

_Rabbi Mayer Zaks_

Affirmed before me this
23rd day of December 2021

_____
Notary Public

MARIANA COTTER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CO6424197
Qualified in Rockland County
Commission Expires October 25, 2025

6

NYSCEF

Rockland County Supreme Court

**Document List**

**Index #   036879/2021**

Created on:08/02/2022 11:35 AM

Case Caption:   **YESHIVA CHOFETZ CHAIM INC. et al v. 82 HIGHVIEW LLC et al**

Judge Name:   **Robert M Berliner**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT | Processed | 12/23/2021 | Churgin, J. |
| 2 | EXHIBIT(S)<br>Copy of Recorded Deed | Processed | 12/23/2021 | Churgin, J. |
| 3 | EXHIBIT(S)<br>Copy of the NYS Articles of Organization for Shem Olam | Processed | 12/23/2021 | Churgin, J. |
| 4 | NOTICE OF PENDENCY<br>SBL: 49.17-2-42 | Processed | 12/23/2021 | Churgin, J. |
| 5 | NOTICE OF PENDENCY<br>SBL: 49.17.2-47 | Processed | 12/23/2021 | Churgin, J. |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service - 82 Highview LLC | Processed | 01/04/2022 | Churgin, J. |
| 7 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service - Shem Olam LLC | Processed | 01/04/2022 | Churgin, J. |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service - Aryeh Zaks | Processed | 01/04/2022 | Churgin, J. |
| 9 | NOTICE OF MOTION<br>Notice of Motion to Dismiss Complaint | Processed | 02/15/2022 | Levine, M. |
| 10 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF<br>Henoch Zaks Declaration | Processed | 02/15/2022 | Levine, M. |
| 11 | EXHIBIT(S)<br>Referee Deed | Processed | 02/15/2022 | Levine, M. |
| 12 | EXHIBIT(S)<br>Deed - TD Bank to Del Realty | Processed | 02/15/2022 | Levine, M. |
| 13 | EXHIBIT(S)<br>82 Highview Articles | Processed | 02/15/2022 | Levine, M. |
| 14 | EXHIBIT(S)<br>Secretary of State Printout - 82 Highview | Processed | 02/15/2022 | Levine, M. |
| 15 | EXHIBIT(S)<br>Deed - Del Realty to 82 Highview | Processed | 02/15/2022 | Levine, M. |
| 16 | EXHIBIT(S)<br>82 Highview Operating Agreement | Processed | 02/15/2022 | Levine, M. |
| 17 | EXHIBIT(S)<br>Deed - 82 Highview to Shem Olam | Processed | 02/15/2022 | Levine, M. |
| 18 | RJI -RE: OTHER<br>Assignment of Judge | Processed | 02/15/2022 | Levine, M. |
| 19 | LETTER / CORRESPONDENCE TO JUDGE | Processed | 02/16/2022 | Churgin, J. |
| 20 | ORDER - RECUSAL | Processed | 02/16/2022 | Court User |
| 21 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter addressed to the Supreme Court Clerk | Processed | 02/16/2022 | Churgin, J. |
| 22 | COURT NOTICE | Processed | 02/24/2022 | Court User |
| 23 | LETTER / CORRESPONDENCE TO JUDGE<br>Request for Adjournment | Processed | 03/09/2022 | Churgin, J. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 24 | COURT NOTICE | Processed | 03/09/2022 | Court User |
| 25 | NOTICE OF APPEARANCE (POST RJI)<br>Notice of Appearance of Israel Dahan, Esq. on Behalf of Plainitffs | Processed | 03/16/2022 | Dahan, I. |
| 26 | MEMORANDUM OF LAW IN OPPOSITION | Processed | 03/18/2022 | Churgin, J. |
| 27 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION | Processed | 03/18/2022 | Churgin, J. |
| 28 | EXHIBIT(S)<br>corporate minutes | Processed | 03/18/2022 | Churgin, J. |
| 29 | EXHIBIT(S)<br>testimony | Processed | 03/18/2022 | Churgin, J. |
| 30 | EXHIBIT(S)<br>referee deed to TD bank | Processed | 03/18/2022 | Churgin, J. |
| 31 | EXHIBIT(S)<br>deed TD bank to Del | Processed | 03/18/2022 | Churgin, J. |
| 32 | EXHIBIT(S)<br>appraisal 1 | Processed | 03/18/2022 | Churgin, J. |
| 33 | EXHIBIT(S)<br>appraisal 2 | Processed | 03/18/2022 | Churgin, J. |
| 34 | EXHIBIT(S)<br>deed Del to 82 Highview | Processed | 03/18/2022 | Churgin, J. |
| 35 | EXHIBIT(S)<br>letter and receipt | Processed | 03/18/2022 | Churgin, J. |
| 36 | EXHIBIT(S)<br>email 8.2017 | Processed | 03/18/2022 | Churgin, J. |
| 37 | EXHIBIT(S)<br>email 11.2018 | Processed | 03/18/2022 | Churgin, J. |
| 38 | EXHIBIT(S)<br>2019 tax ex appl | Processed | 03/18/2022 | Churgin, J. |
| 39 | EXHIBIT(S)<br>2020 tax ex appl | Processed | 03/18/2022 | Churgin, J. |
| 40 | EXHIBIT(S)<br>2021 tax ex appl | Processed | 03/18/2022 | Churgin, J. |
| 41 | EXHIBIT(S)<br>letter to Assessor | Processed | 03/18/2022 | Churgin, J. |
| 42 | EXHIBIT(S)<br>transcript 1 | Processed | 03/18/2022 | Churgin, J. |
| 43 | EXHIBIT(S)<br>transcript 2 | Processed | 03/18/2022 | Churgin, J. |
| 44 | EXHIBIT(S)<br>deed 82 Highview to Shem | Processed | 03/18/2022 | Churgin, J. |
| 45 | EXHIBIT(S)<br>2021 minutes | Processed | 03/18/2022 | Churgin, J. |
| 46 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter requesting permission on consent to file reply papers on March 25, 2022 | Processed | 03/24/2022 | Levine, M. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 47 | AFFIDAVIT OR AFFIRMATION IN REPLY<br>Defendants' Reply Affirmation of Henoch Zaks | Processed | 03/25/2022 | Levine, M. |
| 48 | COURT NOTICE | Processed | 03/28/2022 | Court User |
| 49 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter objecting to apparent Ex Parte Filing | Processed | 04/15/2022 | Levine, M. |
| 50 | LETTER / CORRESPONDENCE TO JUDGE | Processed | 04/15/2022 | Churgin, J. |
| 51 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter responding to Plaintiff's counsel's letter | Processed | 04/15/2022 | Levine, M. |
| 52 | ORDER - OTHER<br>ORDER TO SHOW CAUSE (Motion Sequence #2) | Processed | 04/15/2022 | Court User |
| 53 | ORDER TO SHOW CAUSE ( PROPOSED )<br>Order to Show Cause for Preliminary Injunction and<br>TRO (Ex Parte) | Processed | 04/18/2022 | Churgin, J. |
| 54 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF<br>PROPOSED OSC/EXPARTE APP<br>Emergency Affirmation of Joseph Churgin in Support of<br>Motion for a TRO and Preliminary Injunction by | Processed | 04/18/2022 | Churgin, J. |
| 55 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF<br>PROPOSED OSC/EXPARTE APP<br>Affirmation of Joseph Churgin in Support of Motion for a<br>TRO and Preliminary Injunction | Processed | 04/18/2022 | Churgin, J. |
| 56 | EXHIBIT(S)<br>Copy of the Complaint Filed 12/23/2021 | Processed | 04/18/2022 | Churgin, J. |
| 57 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF<br>PROPOSED OSC/EXPARTE APP<br>Affirmation of Rabbi Mayer Zaks in Support of Motion for<br>TRO and Preliminary Injunction | Processed | 04/18/2022 | Churgin, J. |
| 58 | EXHIBIT(S)<br>Copy of the August 20, 2013 Referee's Deed | Processed | 04/18/2022 | Churgin, J. |
| 59 | EXHIBIT(S)<br>Copy of the August 27, 2017 Email From Aryeh Zaks to<br>a Third Party | Processed | 04/18/2022 | Churgin, J. |
| 60 | EXHIBIT(S)<br>A copy of the September 18, 2017 Deed | Processed | 04/18/2022 | Churgin, J. |
| 61 | EXHIBIT(S)<br>A copy of Aryeh Zaks' Email Dated November 16, 2018 | Processed | 04/18/2022 | Churgin, J. |
| 62 | EXHIBIT(S)<br>Copy of the December 28, 2018 Deed | Processed | 04/18/2022 | Churgin, J. |
| 63 | EXHIBIT(S)<br>Copy of the June 29, 2021 Deed | Processed | 04/18/2022 | Churgin, J. |
| 64 | EXHIBIT(S)<br>Copy of the 82 Highview LLC Operating Agreement | Processed | 04/18/2022 | Churgin, J. |
| 65 | EXHIBIT(S)<br>2019, 2020 and 2021 Exemption Applications | Processed | 04/18/2022 | Churgin, J. |
| 66 | EXHIBIT(S)<br>April 17, 2021 Email From the Town of Ramapo<br>Assessment Department | Processed | 04/18/2022 | Churgin, J. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 67 | EXHIBIT(S)<br>Email Dated February 23, 2022 From Aryeh Zaks | Processed | 04/18/2022 | Churgin, J. |
| 68 | NOTICE OF ENTRY<br>Notice of Entry of Order to Show Cause For Preliminary Injunction and TRO | Processed | 04/18/2022 | Churgin, J. |
| 69 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service of Order to Show Cause For Preliminary Injunction and TRO with Notice of Entry | Processed | 04/19/2022 | Churgin, J. |
| 70 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO ORDER TO SHOW CAUSE<br>Opposition Affidavit of Henoch Zaks | Processed | 05/06/2022 | Levine, M. |
| 71 | EXHIBIT(S)<br>Decision Dismissing Rabbi Mayer Zaks' claims of control of Mosdos | Processed | 05/06/2022 | Levine, M. |
| 72 | EXHIBIT(S)<br>Order dismissing Rabbi Mayer Zaks' claims of control of CRDI | Processed | 05/06/2022 | Levine, M. |
| 73 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO ORDER TO SHOW CAUSE<br>Corrected Affirmation to include notarization | Processed | 05/06/2022 | Levine, M. |
| 74 | LETTER / CORRESPONDENCE TO JUDGE<br>Letter Requesting Permission to File a Brief Reply on May 9, 2022 | Processed | 05/06/2022 | Churgin, J. |
| 75 | COURT NOTICE<br>Filing on Behalf of - Honorable Robert M. Berliner | Processed | 05/06/2022 | Court User |
| 76 | AFFIDAVIT OR AFFIRMATION IN REPLY<br>Reply Affirmation of Joseph Churgin, Esq. in Response to the Affirmation of Henoch Zaks | Processed | 05/09/2022 | Churgin, J. |
| 77 | EXHIBIT(S)<br>Documents from the Town of Ramapo in Response to Plaintiff's FOIL Request | Processed | 05/09/2022 | Churgin, J. |
| 78 | EXHIBIT(S)<br>Notice of Pendency Filed November 1, 2019 | Processed | 05/09/2022 | Churgin, J. |
| 79 | EXHIBIT(S)<br>Stipulation Cancelling Notices of Pendency Dated December 22, 2021 | Processed | 05/09/2022 | Churgin, J. |
| 80 | EXHIBIT(S)<br>Deed Dated June 29, 2021 | Processed | 05/09/2022 | Churgin, J. |
| 81 | DECISION + ORDER ON MOTION | Processed | 07/13/2022 | Court User |
| 82 | NOTICE OF ENTRY<br>Notice of Entry of Court's Decision and Order Entered 7-13-22 | Processed | 07/14/2022 | Churgin, J. |
| 83 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service of Notice of Entry of Court's Decision and Order Entered 7-13-22 | Processed | 07/14/2022 | Churgin, J. |
| 84 | NOTICE OF APPEAL/INFORMATIONAL STATEMENT/COPY OF ORDER/PROOF OF SERVICE | Processed | 07/26/2022 | Levine, M. |

22-07033 Case 7:22-cv-06579 Filed 08/08/22 Entered 08/08/22 13:27:53 Page 5 of 5 Main Document

NYSCEF

Document List

Rockland County Supreme Court

Index #  036879/2021

Created on:08/02/2022 11:35 AM



| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 85 | NOTICE OF BANKRUPTCY (POST RJI) <br> Suggestion of Bankruptcy | Processed | 07/27/2022 | Levine, M. |
| 86 | EXHIBIT(S) <br> Notice of Bankruptcy Filing (Filing Receipt) | Processed | 07/27/2022 | Levine, M. |
| 87 | LETTER / CORRESPONDENCE TO JUDGE | Processed | 07/28/2022 | Churgin, J. |
| 88 | EXHIBIT(S) <br> Levine Operation Agreement | Processed | 07/28/2022 | Churgin, J. |
| 89 | EXHIBIT(S) <br> Feb 2019 Operating Agreement | Processed | 07/28/2022 | Churgin, J. |
| 90 | EXHIBIT(S) <br> Tax Exemption Filing 2019 | Processed | 07/28/2022 | Churgin, J. |