Israel Dahan
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036
Phone: (212) 556-2100
Fax: (212) 556-2200
idahan@kslaw.com
*Counsel for Yeshiva Chofetz Chaim, Inc.*
*and 82 Highview LLC*

| |
|---|
| Hearing Date: To Be Determined |
| Response Deadline: To Be Determined |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SHEM OLAM LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 22-22493 (SHL) |
| YESHIVA CHOFETZ CHAIM INC. and<br>82 HIGHVIEW LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>82 HIGHVIEW LLC, SHEM OLAM LLC, and<br>ARYEH ZAKS,<br><br>      Defendants. | Adversary No. 22-7033 (SHL) |

**PLAINTIFFS' AMENDED MOTION FOR ABSTENTION,**
**REMAND, AND TO LIFT THE AUTOMATIC STAY**[1]

Plaintiffs Yeshiva Chofetz Chaim, Inc. and 82 Highview LLC ("Plaintiffs") file this

amended motion requesting that the Court abstain from hearing the above-captioned Adversary

---

[1] Plaintiffs filed their initial Motion for Abstention, Remand and to Lift the Automatic Stay on August 5, 2022. Doc. 2. By agreement of the parties, Plaintiffs are withdrawing their initial filing, including supporting declarations and exhibits to the initial filing, and the Court should only consider this Amended Motion and its supporting declarations and exhibits.

Proceeding, remand the Proceeding back to state court, and lift the automatic stay to allow the Proceeding to continue in state court.

There can be no genuine dispute that this Adversary Proceeding involves state law claims and should be litigated in New York state court where it originally was filed and being litigated for many months before Shem Olam LLC ("Shem Olam" or "Debtor") and its owner Rabbi Aryeh Zaks (collectively, "Defendants") filed the underlying bankruptcy case. Indeed, the New York state court had already addressed and denied a motion to dismiss filed by Defendants and was on the verge of setting a case management schedule before Shem Olam filed for bankruptcy and Defendants removed the case to this Court. Moreover, the sole basis for federal jurisdiction is Section 1334, as acknowledged in Defendants' removal papers, because this action does not "arise in" a bankruptcy case or "arise under" the Bankruptcy Code. In other words, the claims in this case are non-core. Accordingly, pursuant to 28 U.S.C. § 1334(c)(2), this Court must abstain from adjudicating this Adversary Proceeding and should remand it back to the state court. But even if the Court were not required to abstain and remand, it is permitted to do so under 28 U.S.C. § 1334(c)(1). As described below, consideration of the permissive abstention factors weigh in favor of having the case adjudicated in state court where originally filed. And given the Debtor's expressed desire to have the claims in this Adversary Proceeding adjudicated promptly, the Court should lift the automatic stay and allow the parties to proceed with this case in the state court.

## FACTUAL BACKGROUND

### A.    Plaintiffs Filed the New York State Court Action Months Before This Bankruptcy Proceeding

On December 23, 2021, *many months before the filing of this bankruptcy proceeding*, Plaintiffs filed an action against Shem Olam and Rabbi Aryeh Zaks in the New York Supreme Court for Rockland County seeking to set aside and nullify Rabbi Mayer Zaks's purported transfer

of the Property to Shem Olam (the "State Court Action"). A copy of the Summons and Verified Complaint is attached to the Declaration of Israel Dahan (Dahan Decl.) as Exhibit 1.

As alleged in the Complaint, YCC is a New York religious not-for-profit organization and the sole member of 82 Highview LLC. *Id.* ¶¶ 1, 3. On June 30, 2021, Rabbi Aryeh Zaks, without proper consent or authorization, transferred title of the Property to Shem Olam, a separate entity formed by Rabbi Aryeh Zaks. *Id.* ¶¶ 10, 13, 15-16. The deed was recorded in the Office of the Rockland County Clerk on June 30, 2021 as Instrument No. 2021-27314. A copy of the recorded deed is annexed as Exhibit "A" to the Verified Complaint. *Id.* Ex. A. The deed was signed by Defendant Rabbi Aryeh Zaks as purported manager of 82 Highview LLC. *Id.* Movants allege that Rabbi Aryeh Zaks' transfer of the Property to his other entity Shem Olam was unlawful and done so that he would retain complete personal control over the Property. *Id.* ¶ 14.[2]

In response to the State Court Action, Defendants filed a motion to dismiss in which they argued that the "sale" of the Property was proper because, under the purported operating agreement for 82 Highview LLC, Rabbi Aryeh Zaks was the sole member and manager of the LLC at the time of the sale to Shem Olam. To this end, Defendants argued that, under the terms of the purported operating agreement for 82 Highview LLC, YCC was sole member of 82 Highview LLC for only the first 30 months of its existence and then all rights, title, and membership interest in 82 Highview LLC reverted to him as sole forming member. Defendants also argued that Plaintiffs YCC and 82 Highview LLC, or those acting on behalf of Plaintiffs, lacked legal capacity or standing to file such action against Defendants. In response to the motion to dismiss, Movants

---

[2] The Court need not address the merits of the allegations in the Complaint for purposes of this motion.  Movants are describing the allegations in the Complaint only to show that the State court Acton involved a two-party, state law dispute concerning the Property.

disputed Defendants' contention and the legitimacy of said purported operating agreement for 82

Highview LLC.

On July 13, 2022, *two weeks before the filing of this bankruptcy case*, the State Court

denied Defendants' motion to dismiss, stating:

> The Court declines to dismiss Plaintiffs' complaint based upon the documents
> offered by Defendants [Shem Olam and Rabbi Aryeh], as they collectively fail to
> establish a defense as a matter of law. This determination is bolstered by Mayer
> Zaks challenge to 82 Highview's Operating Agreement naming Aryeh its sole
> member after 30 months, which happens to coincide with his conveyance of the
> property to Shem Olam LLC on June 29, 2021.
>
> . . .
>
> The foregoing determinations regarding Defendants' application seeking to
> dismissal pursuant to CPLR §3211(a)(l) are equally applicable and fatal to their
> application pursuant to CPLR §321l(a)[(3)]. Plaintiffs' assertion give rise to
> questions of fact regarding its alleged standing to maintain this action, thereby
> rendering judgment as a matter of law inappropriate.

Dahan Decl. Ex. 2 at 2-3. The State Court thereafter set a case management conference for 9:30

am on July 28, 2022, to discuss a pre-trial discovery schedule.

### B.   The Debtor Files Its Bankruptcy Petition the Day Before the Case Management Conference in the State Court Action

On July 27, 2022, mere hours before the case management conference in the State Court

Action, the Debtor filed its Chapter 11 Petition in this case. *See* Main Case, Doc. 1. A few hours

later, the Debtor filed a suggestion of bankruptcy with the State Court. Dahan Decl. ¶ 10. There

is no question that Shem Olam filed this bankruptcy case to halt the continued litigation of the

State Court Action in the State Court, which had just ruled against it in the motion to dismiss. This

is evident from the Debtor's own statements filed along with the Petition. In Rabbi Aryeh Zaks'

first-day declaration submitted under Local Rule 1007-2 to explain "the circumstances leading to

the debtor's filing under chapter 11," he explicitly states that Shem Olam filed the petition *solely*

to escape the State Court Action:

8.  There is currently a pending litigation in the Supreme Court of the State of New York, County of Rockland styled *Yeshiva Chofetz Chaim Inc. and 82 Highview LLC v. 82 Highview LLC, Shem Olam LLC, and Aryeh Zaks*, Index Number 036879/2021 (the "State Court Litigation"). In the State Court Litigation, plaintiffs sought declaratory relief regarding the Property and to set aside the deed conveying the Property to Shem Olam. On July 12, 2022, the State Court denied the defendants' motion to dismiss the State Court Litigation. On July 25, 2022, the defendants appealed the State Court's decision.

9.  An adverse ruling in the state court has the potential to impact the ability to refinance or sell the Property. Therefore, in order to preserve the value of the Property and to either refinance the Property or sell it to pay its debts, the Debtor sought the protection afforded under the Bankruptcy Code.

*See* Main Case, Doc 1-1. Rabbi Aryeh Zaks makes no mention of any other circumstances resembling a proper need for bankruptcy protection.

Shortly thereafter, on August 2, 2022, the Debtor and Rabbi Aryeh Zaks filed a notice in the State Court Action that they had filed a notice of removal in the U.S. District Court for the Southern District of New York. Dahan Decl. ¶ 10. The State Court Action is thus now this adversary proceeding.

## ARGUMENT

## I.   THIS ADVERSARY PROCEEDING SHOULD BE REMANDED TO THE STATE COURT

A bankruptcy court may remand a case removed to it "on any equitable ground." 28 U.S.C. § 1452(b). As a threshold matter, this adversary proceeding should be remanded because the underlying bankruptcy case was filed in bad faith, as detailed in Plaintiffs' renewed motion to dismiss. But even if the Court does not dismiss the underlying case, the Adversary Proceeding still should be remanded because it is subject to both mandatory and permissive abstention under 28 U.S.C. § 1334(c). *See, e.g.*, *Coop. Rabobank U.A. v. Crowe LLP* (*In re Miami Metals I, Inc.*), 625 B.R. 593, 605 (S.D.N.Y. 2021) (Lane, J.) (remanding proceeding subject to § 1334(c) abstention).

5

### A.      Mandatory Abstention Applies to this Proceeding.

Section 1334(c)(2) governs mandatory abstention, and the principles of mandatory abstention apply to a removed action. *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 446–47 (2d Cir. 2005). The Court must abstain if (1) the motion to abstain was timely made; (2) the action is based on a state law claim; (3) the action was commenced in state court; (4) that action can be "timely adjudicated" in state court; (5) Section 1334 provides the sole basis for federal jurisdiction; and (6) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; *i.e.*, they are non-core. *See MarketXT, Inc. v. Wollmuth Maher & Deutsch, LLP* (*In re Amanat*), 338 B.R. 574, 581 (Bankr. S.D.N.Y. 2005); *accord In re Ne. Indus. Dev. Corp.*, 513 B.R. 825, 837–38 (Bankr. S.D.N.Y. 2014), *adopted*, No. 14-CV-7056, 2015 WL 3776390 (S.D.N.Y. June 16, 2015). When a party moves for abstention, the party arguing in favor of the Court's retention of jurisdiction (*i.e.*, Defendants) bears the burden of showing that mandatory abstention is not warranted. *Core Litig. Tr. v. Apollo Global Mgmt., LLC* (*In re AOG Ent., Inc.*), 569 B.R. 563, 573 (Bankr. S.D.N.Y. 2017); *Fried v. Lehman Bros. Real Estate Assocs.*, 496 B.R. 706, 711 (S.D.N.Y. 2013). Defendants cannot meet their burden; indeed, all of these six abstention factors are satisfied.

*Timeliness of motion.* Plaintiffs filed their initial motion for abstention and remand just three days after the pre-petition State Court Action was removed to the District Court and two days after it was transferred to this Court—before any other action has occurred in this Court. The motion is undeniably timely. *See, e.g.*, *Joremi Enters., Inc. v. Hershkowitz* (*In re New 118th LLC*), 396 B.R. 885, 893 (Bankr. S.D.N.Y. 2008) (explaining various factors courts consider to evaluate timeliness, including "whether the movant moves as soon as possible," movant "has already invoked the substantive process of the federal court," and prejudice).

***Action based on state law.*** The sole causes of action asserted in this Adversary Proceeding are state-law claims to quiet title to, and recover, the Property. At no point prior to the filing of the Petition, did Defendants seek to have the case removed to federal court or claim that the action involved a federal question or required federal jurisdiction.

***Action commenced in state court.*** This action was originally commenced in the State Court and many months before the filing of the underlying bankruptcy case. At no point prior to the filing of the Petition did Defendants seek to have the case removed to federal court.

***Action can be "timely adjudicated" in state court.*** This proceeding already was being timely adjudicated in the State Court, which is plainly capable of hearing state-law quiet title claims. The State Court already had decided (in Plaintiffs' favor) Defendants' motion to dismiss, and it had scheduled a case management conference for the morning after the Debtor filed its petition and invoked the automatic stay of the proceeding. *See, e.g., Joremi*, 396 B.R. at 895 (finding that "[i]t is sufficient to point out that the state courts often adjudicate" the claims).

***Section 1334 is the sole basis of jurisdiction.*** As reflected in their Notice of Removal, Section 1334(b) is the sole basis of federal jurisdiction that Defendants have invoked, or could invoke, over this state-law proceeding between New York citizens. *See* Notice of Removal at 4.

***The proceeding is non-core.*** Only a "proceeding that involves 'substantive rights created by federal bankruptcy law' or that 'would have no existence outside of the bankruptcy' is a core proceeding." *Scott v. AIG Prop. Cas. Co.*, No. 1:17-cv-1052, 2017 WL 1380607, at *3 (S.D.N.Y. 2017) (quoting *In re Robert Plan Corp.*, 777 F.3d 594, 596-97 (2d Cir. 2015)). "Conversely, a claim is non-core if it 'does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction.'" *Id.* (quoting *Dewitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas Co.*, 464 B.R. 587, 591 (N.D.N.Y. 2012)). Despite the Notice of Removal's

bald assertion that this proceeding is core as it will "affect the administration of the estate" (Notice

of Removal at 4), there is no question that the claims in this proceeding do not involve "substantive

rights created by federal bankruptcy law" or "would have no existence outside of the bankruptcy."

*See id.* at *3. Rather, the claims in this proceeding were filed in the State Court well before the

existence of the bankruptcy case. Courts universally recognize that such claims are non-core. *See*

*In re Ne. Indus. Dev. Corp.*, 513 B.R. 825, 837 (Bankr. S.D.N.Y. 2014) (observing that the state

law fraud claims "involve disputes over rights that . . . have little or no relation to the Bankruptcy

Code, do not arise under the federal bankruptcy law, and would exist in the absence of the

bankruptcy case"); *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 55 (S.D.N.Y. 2011) (finding that

"an action involving a debtor and a non-creditor in which the only relationship to the bankruptcy

proceeding is that determination of the action would affect the ultimate size of the estate is not a

core proceeding (quoting *In re Best Prods. Co.*, 68 F.3d 26, 32 (2d Cir. 1995))); *In re Tornheim*,

181 B.R. 161, 170 (Bankr. S.D.N.Y. 1995) ("Mortgage foreclosures are non-core proceedings, and

hence, the bankruptcy court cannot enter final orders.")

    Because Plaintiffs cannot show that any of the mandatory abstention factors does not apply,

Section 1334(c)(2) mandates that this Court must abstain from hearing this proceeding and must

remand it to the State Court.

### B.    Permissive Abstention or Equitable Remand Applies

    Even if the Court were not required to abstain and remand, it is permitted to do so under

28 U.S.C. § 1334(c)(1):

> [N]othing in this section prevents a district court in the interest of
> justice, or in the interest of comity with State courts or respect for
> State law, from abstaining from hearing a particular proceeding
> arising under title 11 or arising in or related to a case under title 11.

Courts asked to abstain pursuant to § 1334(c)(1) often consider the following factors:

(1) the effect, or lack thereof, on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Lebenthal Holdings, LLC v. S. Street Sec. Holdings Inc.* (*In re Lebenthal Holdings, LLC*), 2018 WL 3629900 at *4 (Bankr. S.D.N.Y. 2018). For all the reasons stated above, nearly all of these permissive abstention factors apply here. This is a state-law proceeding that was already pending in the State Court for eight months, had a motion to dismiss briefed and decided, and was headed into fact discovery. It is plainly evident that Shem Olam (with the approval of Rabbi Aryeh Zaks) filed for bankruptcy and removed the case to this Court because it did not want to litigate further in state court where it had just lost its motion to dismiss. Thus, the Court should dispose of this forum shopping by Defendants and abstain from hearing this adversary proceeding.[3]

## II.   UPON REMAND, THE COURT SHOULD LIFT THE AUTOMATIC STAY

If the Court does not dismiss the Debtor's bankruptcy petition as a "bad faith" filing, then the Court should lift the automatic stay when abstaining/remanding this adversary proceeding back

---

[3] The Court may also remand the adversary proceeding on equitable grounds. A "court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The factors considered by courts when equitably remanding under Section 1452(b) are substantially similar to those considered when deciding whether to abstain pursuant to Section 1334(c)(1). *See Rahl v. Bande*, 316 B.R. 127, 135 (S.D.N.Y. 2004). For the reasons stated above, the Court should equitably remand this adversary proceeding.

to the State Court. A bankruptcy court may lift the automatic stay granted under the Code "for cause," 11 U.S.C. § 362(d)(1), including a "bad faith" filing like the Debtor's removal of the State Court Action. *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 334 (Bankr. S.D.N.Y. 2001). Bad faith for this purpose is determined under the same analysis as used in considering a motion to dismiss. *See id.*; *In re 234-6 W. 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997). For all the reasons discussed in Plaintiffs' renewed motion to dismiss, which equally pertain to the Debtor's bad faith in removing the State Court Action to this Court, lifting the automatic stay in conjunction with any abstention/remand is appropriate because it will allow Plaintiffs to continue prosecuting their pre-petition state-law claims and efforts to recover their alleged stolen Property. Notably, Defendants themselves have acknowledged the importance to the estate of quickly resolving the merits of the underlying claims in the Adversary Proceeding. Lifting the automatic stay will allow that to happen.

## **CONCLUSION**

For the reasons stated above, the Court should abstain from hearing this Adversary Proceeding, remand the Adversary Proceeding back to the State Court where originally filed, and lift the automatic stay to allow the parties to continue litigating the merits of the case.

Dated: October 10, 2022                    Respectfully submitted,

*/s/ Israel Dahan*
Israel Dahan
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036
Phone: (212) 556-2100
Fax: (212) 556-2200
idahan@kslaw.com

Thaddeus D. Wilson (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, N.E., Suite 1600
Atlanta, Georgia 30309
Phone: (404) 572-4600
Fax: (404) 572-5100
thadwilson@kslaw.com

*Counsel for Yeshiva Chofetz Chaim, Inc.
and 82 Highview LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on October 10, 2022, I caused a true and correct copy of the foregoing to be served via first-class mail on the parties listed below, in addition to those parties receiving electronic notification through the ECF filing system:

> A. Mitchell Greene
> LEECH TISHMAN ROBINSON BROG, PLLC
> 874 Third Avenue
> New York, New York 10022
> *Counsel to Debtor*
>
> Michael Levine
> LEVINE & ASSOCIATES, P.C.
> 15 Barclay Road
> Scarsdale, NY 10583
> *Counsel to Debtor and Rabbi Aryeh Zaks*
>
> Paul K. Schwartzberg
> OFFICE OF THE UNITED STATES TRUSTEE
> 201 Varick Street, Suite 1006
> New York, NY 10014
> *United States Trustee for the*
> *Southern District of New York*

*/s/ Israel Dahan*
Israel Dahan
